Joy Harmon Sperling, Esq.
Paul J. Halasz, Esq.
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054
(973) 966-6300
phalasz@daypitney.com

John B. Sullivan, Esq. (admitted *pro hac vice*)
Erik Kemp, Esq. (admitted *pro hac vice*)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
CALIBER HOME LOANS, INC. and
VERICREST INSURANCE SERVICES, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY RICKERT and CAROL RICKERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC., VERICREST INSURANCE SERVICES, LLC, AMERICAN SECURITY INSURANCE COMPANY, STANDARD GUARANTY INSURANCE COMPANY and VOYAGER INDEMNITY INSURANCE COMPANY,<br><br>Defendants. | HON.  BRIAN R. MARTINOTTI, U.S.D.J.<br><br>Case No. 3:17-cv-06677 (BRM) (DEA)<br><br>**DEFENDANTS CALIBER HOME LOANS, INC. AND VERICREST INSURANCE SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Document Electronically Filed) |

Defendants Caliber Home Loans, Inc. ("Caliber") and Vericrest Insurance Services, LLC

("Vericrest,") answer plaintiffs Barry and Carol Rickert's first amended complaint as follows:

1.      This paragraph states no relevant factual allegations and needs no response by defendants.  To the extent the paragraph states factual allegations, defendants lack information or belief sufficient to respond to the allegations of this paragraph and on that ground deny them.

2.      This paragraph states no relevant factual allegations and needs no response by defendants.  To the extent the paragraph states factual allegations, defendants lack information or belief sufficient to respond to the allegations of this paragraph and on that ground deny them.

3.      Defendants deny that they worked with Assurant's subsidiaries to impose illegal and undisclosed charges and deny that caused Caliber customers damages or harm.  Defendants respond that the remainder of this paragraph sets forth a legal conclusion for which no response is required.  To the extent the remainder of this paragraph contains factual allegations, defendants deny those allegations.

4.      Defendants admit that Caliber charged plaintiffs for lender-placed insurance (LPI).  Defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

5.      Defendants admit that Caliber contracted with the Assurant Defendants regarding an LPI program, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

6.      Defendants admit that Caliber contracted with the Assurant Defendants regarding an LPI program, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

7.      Defendants lack information or belief sufficient to respond to the allegations of

this paragraph and on that ground deny them.

8.      Defendants admit the allegations of this paragraph.

9.      Defendants admit that Vericrest was an affiliate of Caliber and a licensed insurance agency.  Defendants deny the remaining allegations of this paragraph.

10.      Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.

11.      Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants respond that the remainder of this paragraph sets forth a legal conclusion for which no response is required.  To the extent the remainder of this paragraph contains factual allegations against defendants, defendants deny those allegations.

12.      Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

13.      Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

14.      Defendants admit that Caliber may obtain LPI if the borrower fails to maintain the insurance coverage required by his or her security instrument.  Defendants also admit that the loans Caliber services are governed by contracts generally providing it the right to purchase LPI, but refer to the contracts themselves for a more complete and accurate representation of their contents.  Defendants deny the remaining allegations of this paragraph.

15.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

16.     Defendants lack information or belief sufficient to respond to the allegations of this paragraph and on that ground deny them.

17.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.   Defendants respond that the remainder of this paragraph sets forth a legal conclusion for which no response is required.  To the extent the remainder of this paragraph contains factual allegations against defendants, defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

18.     This paragraph states no relevant factual allegations and needs no response by defendants.  To the extent the paragraph states factual allegations against defendants, defendants lack information or belief sufficient to respond to the allegations of this paragraph and on that ground deny them.

19.     Defendants deny the allegations of this paragraph.

20.     Defendants lack information or belief sufficient to respond to the allegations of this paragraph and on that ground deny them.

21.     Defendants admit Caliber and Vericrest are citizens of states other than Pennsylvania and that Caliber is registered to do business in Pennsylvania.  Defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

22.     Defendants respond that this paragraph sets forth a legal conclusion for which no

response is required.  To the extent this paragraph contains factual allegations against defendants, defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

23.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

24.     Defendants do not dispute that venue is proper.

25.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

26.     Defendants admits that the loans Caliber services have contracts generally providing it the right to purchase LPI, but refer to the contracts themselves for a more complete and accurate representation of their contents.

27.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants further admit that Caliber pays the Assurant Defendants the full premium for LPI.  Defendants deny the remaining allegations of this paragraph.

28.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants deny the remaining allegations of this paragraph.

29.     Defendants admit that Caliber contracted with the Assurant Defendants regarding

LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants deny the remaining allegations of this paragraph.

30.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants further admit that the Assurant Defendants monitor Caliber's portfolio of loans for lapses in coverage and send certain notices to borrowers on its behalf, but defendants refer to the notices themselves for a more complete and accurate representation of their contents.  Defendants deny the remaining allegations of paragraph 30.

31.     Defendants admit that LPI policies typically are not individually underwritten and that coverage is effective as of the date of the lapse in borrower's coverage.  Defendants deny the remaining allegations of this paragraph.

32.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants further admit that Caliber pays the Assurant Defendants the full premiums charged for LPI.  Defendants deny the remaining allegations of this paragraph.

33.     Defendants deny the allegations of this paragraph.

34.     Defendants deny the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

36.     Defendants admit that Caliber charges borrowers the entire premium for LPI. Defendants deny the remaining allegations of this paragraph.

37.     Defendants deny the allegations of this paragraph.

38.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of

their contents.  Defendants deny the remaining allegations of this paragraph.

     39.    Defendants deny the allegations of this paragraph.

     40.    Defendants deny the allegations of this paragraph.

     41.    Defendants deny the allegations of the first sentence of this paragraph. Defendants respond that the remaining allegations of this paragraph state no factual allegations against defendants, and that defendants thus are not required to respond.  To the extent the remaining allegations of this paragraph state any factual claims against defendants, defendants deny those allegations.

     42.    Defendants deny the allegations of this paragraph.

     43.    Defendants deny the allegations of this paragraph.

     44.    Defendants deny the allegations of this paragraph.

     45.    Defendants admit that LPI policies will protect the lender's or servicer's interest in the property but further respond that they may also protect borrowers' interests.  Defendants deny the remaining allegations of this paragraph.

     46.    Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

     47.    Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

     48.    Defendants admits that Caliber serviced a loan secured by plaintiffs' real property in Pennsylvania.  Defendants lack information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground deny them.

49.     Defendants admit that Caliber obtained LPI for plaintiffs' property after they failed to maintain their own insurance.

50.     Defendants admit that plaintiffs were mailed notices advising them of the lapse in their insurance coverage, but refer to the letters themselves for a more complete and accurate statement of their contents.  Defendants deny the remaining allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

52.     Defendants deny the allegations of this paragraph.

53.     Defendants deny the allegations of this paragraph.

54.     Defendants deny the allegations of this paragraph.

55.     Defendants deny the allegations of this paragraph.

56.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

57.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

58.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

59.     Defendants deny the allegations of this paragraph.

60.     Defendants deny the allegations of this paragraph.

61.     Defendants deny the allegations of this paragraph.

62.     Defendants deny the allegations of this paragraph.

63.     Defendants lack information or belief sufficient to respond to the allegations of this paragraph and on that ground deny them.

64.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

65.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

66.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

67.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

68.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

69.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

70.     Defendants re-allege their responses, denials, and admissions to paragraphs 1-69.

71.     Defendants admits that plaintiffs' loan is serviced by Caliber.  Defendants deny that Vericrest serviced any loans.  Defendants lack information or belief sufficient to respond to

the remaining allegations of this paragraph and on that ground deny them.

72.   Defendants admit that plaintiffs' and other borrowers' security instruments give Caliber the right to purchase LPI upon borrowers' failure to maintain their own insurance. Defendants deny the remaining allegations of this paragraph.

73.   Defendants admit that plaintiffs' contract gives Caliber the right to purchase LPI upon plaintiffs' failure to maintain their own insurance, but refer to the contract itself for a more complete and accurate statement of its contents.

74.   Defendants deny the allegations of this paragraph.

75.   Defendants deny the allegations of this paragraph.

76.   Defendants deny the allegations of this paragraph.

77.   Defendants re-allege their responses, denials, and admissions to paragraphs 1-76.

78.   Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

79.   Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

80.   Defendants admit that plaintiffs' contract gives Caliber the right to purchase LPI upon plaintiffs' failure to maintain their own insurance, but refer to the contract itself for a more complete and accurate statement of its contents.  Defendants deny the remaining allegations of this paragraph.

81.   Defendants admit that plaintiffs' contract affords Caliber the discretion to choose an LPI policy of its choice, but refer to the contract itself for a more complete and accurate

representation of its contents.  Defendants deny the remaining allegations of this paragraph.

82.     Defendants deny the allegations of this paragraph.

83.     Defendants deny the allegations of this paragraph.

84.     Defendants re-allege their responses, denials, and admissions to paragraphs 1-83.

85.     Defendants deny the allegations of this paragraph.

86.     Defendants admit that Caliber contracted with the Assurant Defendants regarding LPI, but refer to the agreements themselves for a more complete and accurate representation of their contents.  Defendants deny the remaining allegations of this paragraph.

87.     Defendants deny the allegations of this paragraph.

88.     Defendants deny the allegations of this paragraph.

89.     Defendants deny the allegations of this paragraph.

90.     Defendants deny the allegations of this paragraph.

91.     Defendants deny the allegations of this paragraph.

92.     Defendants deny the allegations of this paragraph.

93.     Defendants re-allege their responses, denials, and admissions to paragraphs 1-92.

94.     Defendants respond that the allegations in this paragraph are not asserted against them and that they thus have no obligation to respond.  To the extent this paragraph contains factual allegations asserted against defendants, defendants deny those allegations.

95.     Defendants respond that the allegations in this paragraph are not asserted against them and that they thus have no obligation to respond.  To the extent this paragraph contains factual allegations asserted against defendants, defendants deny those allegations.

96.     Defendants respond that the allegations in this paragraph are not asserted against them and that they thus have no obligation to respond.  To the extent this paragraph contains

factual allegations asserted against defendants, defendants deny those allegations.

97.     Defendants respond that the allegations in this paragraph are not asserted against them and that they thus have no obligation to respond.  To the extent this paragraph contains factual allegations asserted against defendants, defendants deny those allegations.

98.     Defendants re-allege their responses, denials, and admissions to paragraphs 1-97.

99.     Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

100.    Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

101.    Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

102.    Defendants deny the allegations of this paragraph.

103.    Defendants deny the allegations of this paragraph.

104.    Defendants deny the allegations of this paragraph.

105.    Defendants deny the allegations of this paragraph.

106.    Defendants respond that this paragraph sets forth a legal conclusion for which no response is required.  To the extent this paragraph contains factual allegations against defendants, defendants deny those allegations.

107.    Defendants deny the allegations of this paragraph.

108.    Defendants deny the allegations of this paragraph.

109.    Defendants deny the allegations of this paragraph.

110.    Defendants re-allege their responses, denials, and admissions to paragraphs 1-109.

111.    Defendants deny the allegations of this paragraph.

112.    Defendants deny the allegations of this paragraph.

113.    Defendants deny the allegations of this paragraph.

114.    Defendants deny the allegations of this paragraph.

115.    Defendants deny the allegations of this paragraph.

116.    Defendants deny the allegations of this paragraph.

117.    Defendants deny the allegations of this paragraph.

118.    Defendants deny the allegations of this paragraph.

119.    Defendants admit that the Assurant Defendants sent plaintiffs certain correspondence regarding the lapse in coverage on their property warning that Caliber would obtain LPI, but refer to the correspondence itself for a more accurate and complete representation of its contents.   Defendants deny the remaining allegations of this paragraph.

120.    Defendants deny the allegations of this paragraph.

121.    Defendants admit that the Assurant Defendants mailed plaintiffs certain correspondence regarding the lapse in coverage on their property warning that Caliber would obtain LPI, but refer to the correspondence itself for a more accurate and complete representation of its contents.   Defendants deny the remaining allegations of this paragraph.

122.    Defendants deny the allegations of this paragraph.

123.    Defendants deny the allegations of this paragraph.

124.    Defendants re-allege their responses, denials, and admissions to paragraphs 1-123.

125.    Defendants deny the allegations of this paragraph.

126.    Defendants deny the allegations of this paragraph.

127.    Defendants deny the allegations of this paragraph.

128.    Defendants deny the allegations of this paragraph.

129.    Defendants deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

As further, separate, and affirmative defenses to the complaint, Defendants allege:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

The complaint fails to state facts sufficient to constitute a claim for relief against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty)**

The complaint does not describe the claims against defendants with sufficient particularity and certainty to enable them to determine what defenses may exist.  Defendants reserve the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims when their precise nature is ascertained.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The damage alleged in the complaint resulted, in whole or in part, from the failure of Plaintiffs and the putative class members to mitigate their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs and the putative class members have waived their right to seek the relief herein due to their own acts and/or omission with reference to the subject matter of the complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs and the putative class members, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are also estopped from recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

The monies which Plaintiffs seek to recover on behalf of themselves and putative class members were voluntarily paid.  These monies were owed to Caliber, irrespective of any mistake of law or fact Plaintiffs or putative class members may have had.  Under these circumstances, Plaintiffs and the putative class members are not entitled to recover the monies so paid.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs and the putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Filed-Rate Doctrine)

Plaintiffs and the putative class members' claims are barred, in whole or in part, by the filed-rate doctrine.  The insurance premiums Plaintiffs challenge were filed with and approved

by state regulatory authorities.  Plaintiffs and the putative class members are, therefore, precluded from challenging the rates as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.  The putative class members' claims are barred by the doctrine of unclean hands because they failed to maintain the amount of insurance required under their mortgages.

## TENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

Plaintiffs' claims are barred, in whole or in part, because they are within the exclusive/primary jurisdiction of the state insurance departments for Plaintiffs and putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance With Governing Law)

Defendants' conduct was consistent with, permitted by, dictated by, and in certain respects required by, applicable federal and state law, and therefore cannot be the subject of recovery in this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

This action is barred, in whole or in part, because defendants always acted in good faith and honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade when dealing with Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' equitable and unjust enrichment claims are barred because Plaintiffs have an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they are at fault with respect to matters alleged in the complaint, and Plaintiffs' and the putative class members' recovery, if any, should be barred or reduced in proportion to their comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

Plaintiffs and/or the putative class members consented to all of Defendants' acts or omissions which gave rise to the occurrences alleged in the complaint, and subsequently ratified that conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonably Available Alternatives/Prior Notice)

Plaintiffs are barred from bringing the complaint, and each count contained therein, because they had a reasonably available alternative to the action which they took or failed to take.  Plaintiffs could have avoided, in whole or in part, the damages alleged in the complaint. Plaintiffs and the putative class members had prior notice and/or adequate warning that lender-placed insurance may be more expensive than voluntary coverage and that a commission would be paid based on that premium.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred in whole or in part by their failure to exhaust their administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Alternative Forum)

Plaintiffs and putative class members' claims are barred, in whole or in part, because they should have been adjudicated through foreclosure or other proceedings.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Defendants are informed and believe that plaintiffs and some putative class members entered into contracts that contain arbitration clauses requiring them to arbitrate any claims they have against defendants on an individual basis.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs lack standing to pursue the claims alleged in the complaint because they suffered no injury in fact as a result of the challenged conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Direct Benefit/Lack of Privity)

Plaintiffs and the putative class members' claims are barred, in whole or in part, because they did not pay the commissions that defendants allegedly received.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

Any injury or damage to Plaintiffs or the putative class members was a result of the intentional, negligent, or otherwise wrongful acts of third parties, and any claims against Defendants should be reduced in proportion to the faults of those third parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Benefit Received)

Plaintiffs and the putative class members' recovery in this action is barred or limited by the benefit they retained from defendants' activities and the terms of their loans and security instruments.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

Plaintiffs' claims are preempted, in whole or in party, by federal statutes and regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of laches.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

Defendants are informed and believed that the amount of any recovery by putative class members should be offset by the amounts putative class members owe to defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Conditions Precedent)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they failed to comply with all conditions precedent to bringing this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Additional Defenses As to Putative Class Members)

Defendants assert the foregoing and subsequent affirmative defenses, and any additional or different defenses, as to the claims of any persons who are made a member of a class if this Court certifies a class in this case, including, without limitation, discharge in bankruptcy, arbitration, res judicata, collateral estoppel, release, settlement, lack of jurisdiction, claim preclusion, judgment, waiver, or other defenses.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all claims, causes of action and defenses in this lawsuit.

## PRAYER

WHEREFORE, Defendants pray as follows:

1.      That Plaintiffs take nothing by reason of his complaint;

2.      For judgment in Defendants' favor and dismissal of the action with prejudice;

3.      That the Court award Defendants their costs of suit and reasonable attorney fees; and

4.      For such other and further relief as the Court deems just.

Respectfully submitted this 29th day of October, 2018.


By: */s/ Paul J. Halasz*

Joy Harmon Sperling
Paul J. Halasz
**DAY PITNEY LLP**
ONE JEFFERSON ROAD
PARSIPPANY, NEW JERSEY 07054
(973) 966-6300
phalasz@daypitney.com

John B. Sullivan (admitted *pro hac vice*)
Erik Kemp (admitted *pro hac vice*)
**SEVERSON & WERSON**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
jbs@severson.com
ek@severson.com

Attorneys for Defendants
CALIBER HOME LOANS, INC. and
VERICREST INSURANCE SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on October 29, 2018, the undersigned filed a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendants Caliber Home Loans, Inc. and Vericrest Insurance Services, LLC on the Court's electronic court filings system, which system served a copy of the same on all counsel of record.

*/s/ Paul J. Halasz, Esq.*

PAUL J. HALASZ