IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY RICKERT and CAROL RICKERT, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC., and AMERICAN SECURITY INSURANCE COMPANY,<br><br>        Defendants. | CIVIL ACTION<br><br>Case No. 3:17-cv-06677<br><br><br>Judge Brian R. Martinotti<br><br>Magistrate Judge Douglas E. Arpert |

## FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval To Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

    a. "Named Plaintiffs" means Barry Rickert and Carol Rickert.

      b.      "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

> All borrowers in the United States who, within the Settlement Class Period (as defined below), were charged by Caliber under a hazard, flood, flood gap or wind only LPI Policy for Residential Property, and who, within the Settlement Class Period, either (i) paid to Caliber at least a portion of the Net Premium for that LPI Policy or (ii) did not pay to Caliber and still owe the Net Premium for that LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; (iv) borrowers who, since the issuance of the LPI Policy, filed a Petition under Chapter 7 of the United States Bankruptcy Code that compromised or discharged indebtedness on their Residential Property secured by their security instrument; and, (v) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

> The "Settlement Class Period" shall commence on Janaury 1, 2011, and shall continue through and including October 31, 2018.

      c.      "Caliber Defendants" means Caliber Home Loans, Inc. and Vericrest Insurance Services, Inc., and each of their predecessors and successors, and all of their affiliates, including Caliber's internal units, such as its mortgage lending department and direct retail lending department.

      d.      "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

      e.      "Assurant Defendants" means American Security Insurance Company, Standard Guaranty Insurance Company, and Voyager Indemnity Insurance Company.

      f.      "LPI Policy" means a lender-placed residential hazard, flood, flood gap or wind-only insurance policy or policies issued by American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), Voyager Indemnity Insurance

Company ("VIIC"), or another insurance company, and placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by Caliber to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

g. "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Settlement Class Period less any refund paid or credited to the Settlement Class Member.

2. Each Releasing Person has released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

a. "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute,

ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning the Caliber Defendants' placement, or the Assurant Defendants' issuance, of LPI Policies or to the receipt or disclosure or nondisclosure of charges related to the advancing of Premiums during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for the Caliber Defendants' Placement of LPI Policies during the Settlement Class Period. In agreeing to this Release, Named Plaintiff explicitly acknowledges that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

        b.     The Released Claims of the Released Persons shall include, but not be limited to, all claims related to Caliber's insurance requirements; the relationship, whether contractual or otherwise, between the Caliber Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by the Caliber Defendants; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by the Caliber Defendants; any alleged tortious interference by the Assurant Defendants with mortgage loans serviced by Caliber; the receipt or disclosure or non-disclosure of any and all payments, expenses, fees, finance charges, other charges, or features pertaining in any way to, in connection with, or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by the Caliber Defendants; the receipt or non-disclosure of

4

any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by the Caliber Defendants; and the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by Caliber; and the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by the Caliber Defendants. Each Releasing Person shall be considered, by operation of the Judgment, to have received full and final redress, including but not limited to any refund, reimbursement, restitution, or damages for the conduct covered by the release.

        c.     "Released Persons" means, only with respect to Released Claims: (a) all Defendants, and Assurant, Inc., and each of their respective past or present, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (c) any other insurance carriers that issued or may have issued LPI for Caliber insuring real property owned by any Settlement Class Member; and (c) any trustee or investor of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

        d.     "Releasing Persons" means Named Plaintiffs and all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, administrators, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

3. Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4. Within ten (10) days, Releasing Persons shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Releasing Persons in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

DONE and ORDERED in Chambers in Trenton, New Jersey, this  1st  day of  April , 2019.

BRIAN MARTINOTTI
UNITED STATES DISTRICT JUDGE